LEON GREENBERG, ESQ.
Nevada Bar No. 8094
DANA SNIEGOCKI, ESQ.
Nevada Bar No. 11715
LEON GREENBERG PROFESSIONAL CORPORATION
2965 South Jones Blvd - Suite E3
Las Vegas, NV 89146
Telephone: (702) 383-6085
Facsimile: (702) 385-1827
Email: leongreenberg@overtimelaw.com;
       dana@overtimelaw.com

*Attorney for Plaintiff(s)*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
SOUTHERN DIVISION – LAS VEGAS**

ULYANA SHEVCHUK, on behalf of herself and others similarly situated,

   Plaintiff(s),

v.

ALTERRA GROUP, LLC d/b/a ALTERRA HOME LOANS,

   Defendant.
_____/

CASE NO.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ULYANA SHEVCHUK on behalf of herself and others similarly situated, ("Plaintiff"), was an employee of Defendant, ALTERRA GROUP, LLC d/b/a ALTERRA HOME LOANS, ("Defendant"), by and through the undersigned counsel brings this action for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**NATURE OF THE ACTION**

1.   This lawsuit seeks to recover unpaid overtime compensation and liquidated damages for Plaintiff and similarly situated employees whom have

1

worked as "loan processor" for Defendant.

2.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute this FLSA claim as a collective action on behalf of all persons whom are currently or were formerly employed by Defendant during or after three years immediately preceding the filing of this lawsuit ("the class members").

3.     Plaintiff alleges, on behalf of herself and the class members, that she is entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a work week as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION & VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

5.     Venue is proper in the District of Nevada – Las Vegas pursuant to 28 U.S.C. § 1391(b)(1) because Defendant has its headquarters in Las Vegas, Nevada.

6.     At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as 1 defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

## PARTIES

7.     Plaintiff was a loan processor and performed related activities for Defendant in the City of Roswell, Fulton County, Georgia.

8.     Defendant, ALTERRA GROUP, LLC D/B/A ALTERRA HOME LOANS, is a Nevada Corporation which operates, conducts business and has its headquarters in Clark County, Nevada, therefore venue is proper in the District of Nevada – Las Vegas, pursuant to 28 U.S.C. § 1391(b)(1) & ©.

## COVERAGE

9. Defendant, at all material times relevant to this action (2014 – 2017)1, was an employer as defined by 29 U.S.C. §203.

10. Defendant controlled and/or was responsible for the work of Plaintiff.

11. Plaintiff was an employee of Defendant and was, at all times relevant to the violations of the FLSA, engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

12. At all material times relevant to this action, Defendant, ALTERRA GROUP, LLC D/B/A ALTERRA HOME LOANS, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

13. At all material times relevant to this action (2014-17), Defendant made gross earnings of at least $500,000 annually.

14. At all material times relevant to this action, the Defendant had two (2) or more employees engaged in commerce, producing goods for commerce, handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce, (i.e., loan processing equipment, scanners, computers, , office equipment, office supplies, other new technologies).

15. At all material times relevant to this action, Plaintiff was individually engaged in commerce during her employment with Defendant by communicating with out of state clients, banks and Defendant's home office on a daily basis.

16. At all material times relevant to this action, Defendant had two (2) or more employees routinely ordering materials or supplies from out-of-state vendors, and had transactions with out-of-state persons.

17. At all material times relevant to this action, the Defendant has been an enterprise involved in commerce by accepting payments from customers based on credit cards issued by out-of-state banks.

**FACTUAL ALLEGATIONS**

18. Plaintiff worked as a loan processor for the Defendant.

19. Defendant hired Plaintiff and others similarly situated to provide assistance to customers with applying for and processing home loans.

20. Plaintiff worked for Defendant from approximately June 1, 2015 through January 25, 2017.

21. Plaintiff and others similarly situated are required to arrive at Defendant's place of business and perform services, including, but not limited to, assist customers with applying for and processing home loans.

22. Plaintiff and the class worked well over forty (40) hours per week.

23. Typically, Plaintiff worked above forty-five (45) hours per week without being paid proper overtime compensation.

24. Plaintiff was paid $14.42 per hour in exchange for work performed.

25. Plaintiff also earned a flat fee for every loan closed (typically $100 per loan).

26. Plaintiff routinely worked in excess of forty (40) hours per week as part of the regular job duties.

27. Plaintiff was eligible for overtime pay if she worked more than forty (40) hours per week.

28. Plaintiff did earn overtime pay.

29. However, Plaintiff was not paid for all hours worked.

30. Plaintiff was required to process loans from her home.

31. Plaintiff was also required 1 to read and respond to work related emails and calls from home.

32. In addition, when Plaintiff was paid overtime pay, the additional flat fees that she earned were not include in the regular rate of pay for purposes calculating her overtime compensation. *See* 29 U.S.C. 207(e); 29 C.F.R. 778.108-109.

33. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff the proper overtime compensation at a rate of time and one half her regular rate of pay for hours worked over forty (40) in a workweek.

## COLLECTIVE/CLASS ALLEGATIONS

34. Plaintiff and the class members performed the same or similar job duties as one another for Defendant in that they provided loan processing services for Defendant.

35. Plaintiff and the class members all worked as loan processors in various cities in the United States.

36. Plaintiff and the class members are/were all paid by the hour.

37. Plaintiff and the class members are/were eligible for overtime.

38. Plaintiff and the class members worked more than forty (40) hours per week.

39. Plaintiff and the class members received flat fees for each loan closed.

40. Plaintiff and the class members were required to perform work away from the office.

41. Plaintiff and the class members were not paid for all hours worked.

42. Plaintiff and the class members did not have their flat fees included in the regular rate of pay for purposes of calculating overtime.

43. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

44. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

45. Defendant's failure to compensate 1 employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that loan processors were paid for all overtime

hours worked.

46. This policy or practice was applicable to Plaintiff and the class members.

47. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

48. Accordingly, the class members are properly defined as:

> **All loan processors whom worked for Defendant, ALTERRA GROUP, LLC D/B/A ALTERRA HOME LOANS, within the United States within the last three (3) years.**

49. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

50. The exact number of members of each class can be determined by reviewing Defendant's records.

51. There are a minimum of one hundred (100) loan processors who worked for Defendant within the last three years.

52. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

53. Defendant was aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

54. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

55. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible

for members of the class to individually seek redress for the wrongs done to them.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION
### AGAINST ALTERRA GROUP, LLC D/B/A ALTERRA HOME LOANS

56. Plaintiff re-alleges and reincorporates all allegations contained in Paragraphs 1 – 55 as if fully incorporated herein.

57. Plaintiff, and other similarly situated employees, worked for Defendant, ALTERRA GROUP, LLC D/B/A ALTERRA HOME LOANS, from 2014 to 2017 as loan processors throughout the United States.

58. Throughout Plaintiff's employment, Defendant, ALTERRA GROUP, LLC D/B/A ALTERRA HOME LOANS, repeatedly and willfully violated 29 U.S.C. §§ 207, et seq. and 29 U.S.C. §§ 215, et seq. of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

59. Plaintiff, and other similarly situated employees, was/were entitled to be paid time and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week.

60. During employment with Defendant, Plaintiff, and other similarly situated employees, regularly worked overtime hours but were not paid time and one-half compensation for same.

61. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and other similarly situated employees time and one-half the regular rate of pay for each hour worked in excess of forty (40) hour per work week in one or more work weeks, Plaintiff, and other similarly situated employees, have suffered damages plus incurred reasonable attorneys' fees and costs.

62. As a result of Defendant's willful violation of the FLSA, Plaintiff, and other similarly situated employees, are entitled to liquidated damages.

WHEREFORE, Plaintiff, ULYANA SHEVCHUK, on behalf of herself and others similarly situated, demands judgment against ALTERRA GROUP, LLC d/b/a ALTERRA HOME LOANS, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff, and other similarly situated employees, for which Defendant did not properly compensate Plaintiff and the class members, liquidated damages, reasonable attorneys' fees and costs incurred in this action, pre-and post-judgment interest as provided by law, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 21, 2017

                                LEON GREENBERG PROFESSIONAL CORP.

                                /s/ *Leon Greenberg*

                                Leon Greenberg, Esq.
                                Nevada Bar No. 8094
                                2965 S. Jones Boulevard - Ste. E-3
                                Las Vegas, NV 89146
                                Tel (702) 383-6085
                                Attorney for the Class

# EXHIBIT "A"

Case 2:17-cv-02922-APG-PAL   Document 1   Filed 11/21/17   Page 9 of 10

## NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(b), I, ULYANA SHEVCHUK, consent to become a party plaintiff in this action.

11/21/2017
DATE

_[signature]_
CLIENT SIGNATURE